UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VICTOR MELO,

        Plaintiff,

   -against-

RUTHERFORD CAR WASH, INC., NEW RUTHERFORD CAR WASH CORP.

        Defendants.

Case No.:

**COMPLAINT**

Plaintiff VICTOR MELO by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants RUTHERFORD CAR WASH, INC. ("Rutherford I") and NEW RUTHERFORD CAR WASH CORP. ("Rutherford II") (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New Jersey State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conducted/conducts business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, Rutherford I and II were/are domestic business corporations organized and existing under the laws of the State of New Jersey and maintained/maintain a principal place of business at 5 Jackson Ave, Rutherford, NJ 07070.

4. Upon information and belief, at all relevant times hereto, Defendants were/are "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

5. Defendants constitute enterprises within the meaning of the FLSA, 29 U.S.C. § 203(r).

6. At all relevant times hereto while employed by Defendants, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

7. Rutherford I and II operated/operate a car wash business in New Jersey.

8. Plaintiff was employed by Defendants to work as a car wash worker between 2018 and 2021.

9. At all relevant times, Defendants were Plaintiff's employers within the meaning of New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a et seq. and the New Jersey Law Against Discrimination ("LAD"), NJSA §10:5-5.

### *Defendant Rutherford II is a successor-in-interest to Defendant Rutherford I*

10. Defendant Rutherford I owned a car wash located at 5 Jackson Avenue, Rutherford, New Jersey (the "Car Wash.")

11. Upon information and belief, in or around August 2020, Defendant Rutherford II purchased the car wash.

12. Rutherford II continues to operate the car wash and retained many of Defendant Rutherford I's previous employees.

13. Indeed, Plaintiff worked at the car wash both before and after the sale.

14. The car wash remains in the same location and uses the same equipment.

15. Upon information and belief, Rutherford II purchased the assets and liabilities of the car wash.

16. Rutherford II was aware or should have been aware of Defendant Rutherford I's legal improprieties before purchasing the car wash. Even a cursory review of Defendant Rutherford I's payroll practices at the time of the sale would have alerted Rutherford II that Rutherford I had violated several federal and New York State wage laws.

17. Upon information and belief, Rutherford II retained many of Rutherford I's unlawful pay practices.

18. Rutherford II operated the car wash in substantial continuity with Rutherford I and is liable to Plaintiff for Rutherford I's violations.

## NATURE OF THE ACTION

19. Plaintiff brings this action pursuant to the FLSA and NJWHL to redress Defendants' failure to pay Plaintiff overtime compensation.

20. Additionally, Plaintiff brings this action to challenge Defendants' disability discrimination and retaliation against Plaintiff in violation of LAD.

21. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, NJWHL, and LAD, as detailed in this Complaint.

**FACT ALLEGATIONS**

I.     **Defendant's Wage and Hour Violations.**

22.    At all times relevant hereto, Defendants committed the following acts and/or omissions intentionally and willfully, with knowledge that they violated federal and state law and that Plaintiff has been and continues to be economically injured.

23.    Defendants maintained a policy and practice to not pay Plaintiff overtime compensation required by the FLSA and NJWHL for working in excess of forty (40) hours per week.

24.    Plaintiff worked for Defendants as a car wash worker from approximately February 2018 until August 16, 2021.

25.    Plaintiff had one day off a week, which varied from week to week.

26.    When plaintiff worked from Monday through Saturday, he was scheduled from 8:00 a.m. until 6:00 p.m., and when he was scheduled to work on Sundays, he was scheduled from 8:00 a.m. to 5:00 p.m.

27.    Plaintiff regularly worked later than his scheduled hours, as late as 6:40 p.m.

28.    Plaintiff regularly worked between 55 and 60 hours per week.

29.    Defendants paid Plaintiff $13 an hour.

30.    Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

**II.    Discrimination Against Plaintiff on the Basis of Disability.**

31.    During Plaintiff's employment with Defendants, he consistently met or exceeded performance expectations.

32.    Plaintiff was diagnosed with diabetes in 2016.

33.    In June 2021, while working his regularly scheduled shift, Plaintiff began to feel ill.

34.    Plaintiff informed his manager, Leocadillo Santos, that he needed to leave work and go to the hospital.

35.    At the hospital, doctors informed Plaintiff that his blood pressure was extremely low and that his organs were deteriorating in part due to working in extreme heat.

36.    Doctors directed Plaintiff to avoid working in extreme heat.

37.    Plaintiff's diabetes and associated ailments constitute a disability under LAD.

38.    After his release from the hospital, Plaintiff requested a reasonable accommodation for his disability from Defendants.

39.    Plaintiff asked to not work under extreme heat conditions.

40.    Each day, Plaintiff would check the weather report and inform Defendants as to whether he could be available for work given the heat conditions that day.

41.    On August 16th, Defendants informed Plaintiff that he should stay home until further notice due to a lack of work.

42. Upon information and belief, there was ample work for Plaintiff.

43. Defendants never called Plaintiff back for work, thereby terminating his employment.

44. Defendants proffered reason for terminating Plaintiff was a pretext for discrimination.

45. Defendants terminated Plaintiff because of his disability and because he requested a reasonable accommodation for his disability.

## FIRST CLAIM FOR RELIEF
**(Overtime Wage Violations under the FLSA)**

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

48. At all relevant times hereto, Defendants have employed "employee[s]" including Plaintiff. Defendants have had the power to hire and fire Plaintiff, control the terms and conditions of his employment, and determine the rate and method of any compensation in exchange for his employment.

49. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

50. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at

one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

51. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NJWHL)

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the NJWHL, N.J.S.A. § 34:11-4.1.

54. NJWHL prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any work-week.

55. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times his regular rate of pay, for hours worked in excess of forty (40) per workweek.

56. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NJSA § 34:11-4.10 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(Disability Discrimination
in Violation of LAD)

57. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

58. By the acts and practices described above, Defendants discriminated against Plaintiff by denying him a reasonable accommodation and terminating his employment on the basis of his disability, in violation of LAD.

59. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

60. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### FOURTH CLAIM FOR RELIEF
(Retaliatory Termination
in Violation of LAD)

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

62. By the acts and practices described above, Defendants retaliated against Plaintiff by terminating his employment because he requested and availed himself of a reasonable accommodation, in violation of NJLAD.

63. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

64. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate

result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NJWHL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: August 30, 2022
      New York, New York

                Respectfully submitted,

                *Michael Taubenfeld*

                Michael Taubenfeld
                FISHER TAUBENFELD LLP
                225 Broadway, Suite 1700
                New York, New York 10007
                Phone: (212) 571-0700
                Facsimile: (212) 505-2001
                E-mail: michael@fishertaubenfeld.com
                *ATTORNEYS FOR PLAINTIFF*