# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0262
Writer's email: liane@fishertaubenfeld.com

September 15, 2023

**VIA ECF**
Magistrate Judge Leda D. Wettre
United States District Court for the
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re: *Melo v. Rutherford Car Wash, Inc. et al.*
Docket No.: 2:22-cv-05305-KM-LDW

Dear Judge Wettre:

This firm represents Plaintiff Victor Melo in the above-referenced matter. We apologize that this settlement statement was initially filed to an incorrect case, case id 2:22-cv-00952-MCA-CLW. We write to request that the Court approve the parties' settlement and so order the Stipulation of Dismissal attached to this letter as **Exhibit A**.

**1. Background to the Case and Damages.**

a. *Plaintiff's Claims for Unpaid Wages*[1]

Plaintiff worked for Defendants as a car wash worker from approximately February 2018 until August 16, 2021. Plaintiff worked six days per week, and Defendants paid Plaintiff $13 an hour. When Plaintiff worked from Monday through Saturday, he was scheduled from 8:00 a.m. until 6:00 p.m., and when he was scheduled to work on Sundays, he was scheduled from 8:00 a.m. to 5:00 p.m. Plaintiff regularly worked later than his scheduled hours, as late as 6:40 p.m., and therefore regularly worked between 55 and 60

---

[1] Plaintiff also alleges that Defendants violated the New Jersey Law Against Discrimination by discriminating against him on the basis of disability. The parties have resolved Plaintiff's discrimination claims via a separate agreement. These claims do not require court approval. Liang v. Bioreference Lab'ys, Inc., No. 22-CV-00027 (HG), 2023 WL 1778789, at *2 (E.D.N.Y. Feb. 5, 2023) (citing cases).

1

hours per week. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

Plaintiff filed his Complaint in this action on February 23, 2022, under the Fair Labor Standards Act, the New Jersey Wage and Hour Law, and the New Jersey Law Against Discrimination. For the purposes of settlement, Plaintiff calculated his FLSA damages inclusive of liquidated damages as $47,840.

### 2. Settlement Discussions.

Defendants have offered and Plaintiff agreed to resolve the Plaintiff's FLSA and NJWHL claims for $15,000. Subsequently, the parties signed a settlement agreement. Under the agreement, the $15,000 will be paid as follows:

  i. To Plaintiff: $9,615.33
  ii. To Plaintiff's counsel: $5,384.67

### 3. The Court Should Approve the Settlement.

The settlement regards a bona fide dispute and is fair and reasonable, and the parties therefore request that the Court approve it. District courts in the Third Circuit have held that, in approving an FLSA settlement, the court must determine that "the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Gabrielyan v. S.O. Rose Apartments LLC, No. 15-CV-1771 (CCC-MF), 2015 WL 5853924, at *1 (D.N.J. Oct. 5, 2015). This involves a three-part analysis. First, the court must determine that the settlement concerns a "bona fide dispute," meaning that the settlement is a "reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute" rather than a mere waiver of the employee's statutory rights. Gabrielyan at *2, citing In re Chickie's & Pete's Wage & Hour Litig., No. CIV.A. 12-6820, 2014 WL 911718 (E.D. Pa. Mar. 7, 2014). Second, the court must determine that the settlement is "fair and reasonable" to the Plaintiff, considering both "(1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." Gabriyelan, citing Singleton v. First Student Mgmt. LLC, No. 13–1744, 2014 WL 3865853, at *8 (D.N.J. Aug. 6, 2014)

Here, there is a bona fide dispute between the parties. The dispute concerns whether Defendants owed Plaintiff overtime pay. Defendants allege that Plaintiff was exempt from overtime as a manager and was therefore not entitled to overtime wages. Plaintiff alleges that he worked more than 40 hours per week and was not paid time and a half for those additional hours, and therefore is entitled to overtime wages. Plaintiff's Complaint raises fact-dependent allegations under both state and federal laws. In their Answer, Defendants deny all material factual allegations.

The compromise here is fair and reasonable, where Plaintiff's overtime pay owed, excluding liquidated damages, is estimated to be $24,000, and there are many risks associated with litigating the case. Settlement here allows the parties to avoid the burden and expenses of litigation. The next step in this case would be for the parties to begin the formal discovery process. The parties would then engage in dispositive motion practice and then trial and appeals. All of this work would require substantial expenditures in time and resources. Additionally, this settlement has not been reached as a result of any fraud or collusion.

Additionally, settlement allows Plaintiff to avoid the risk of litigation. This litigation is in the beginning stages, and Plaintiff would have to wait, potentially for many years, to recover anything after a trial and appeals. Plaintiff bears the risk that the Court will not affirm that Defendant New Rutherford Car Wash Corp. is a successor in liability to its predecessor, Rutherford Car Wash Inc., which upon information and belief is now defunct and insolvent. Additionally, there is the risk that the Court finds that Plaintiff was exempt as an executive and therefore not entitled to overtime. Additionally, Plaintiff only worked for Defendant New Rutherford Car Wash Corp. for a short time, therefore his damages against this entity are limited. Plaintiff also bears the usual risks of litigation, such as motion practice and trial, and the delays that such a process would entail, especially given the COVID-related delays in the Court.

Third, the settlement agreement does not frustrate the purposes of the FLSA. Defendants continue to deny liability, as stated in their Confession of Judgment (Docket Entry 10). Resolution of these claims through trial would be expensive and difficult for Plaintiff. As discussed above, there is a bona fide dispute between the parties and the compromise reached is fair and reasonable. Thus, resolution of these claims through settlement resolves a bona fide dispute without violation of the purposes of the FLSA.

Finally, my firm's attorneys' fees are fair and reasonable. My firm will be receiving $5,384.67 in fees and costs, which is one-third of the total amount. Courts in this District regularly approve one-third contingency fees, and fee awards in this District have ranged from 19 percent to 45 percent of the settlement fund. Davis v. Essex Cnty., No. 14-CV-1122 (CCC-JBC), 2015 WL 7761062 (D.N.J. Dec. 1, 2015) at *5, citing Chickie's, 2014 WL 911718, at *4. A lodestar check supports counsels' fee request because counsel has spent approximately 23.4 attorney, paralegal, and support staff hours prosecuting this case, amounting to a lodestar calculated by counsel of approximately $5,515. Id. This amount exceeds counsel's request for $5,384.67 and does not include expenses counsel will incur to administer the settlement.

I am the only admitted attorney who worked on this case from my firm. I am requesting an hourly rate of $475. I am a partner at Fisher Taubenfeld LLP. I was admitted to the Bar of the State of New York in 2006 and since then have practiced labor and employment law. I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on employment

discrimination and wage and hour law. Fisher Taubenfeld LLP bills my work at $545 an hour to non-contingency based clients.

The other individual working on this case from my firm is Madeline Howard. Ms. Howard graduated from CUNY School of Law in summer 2022. She interned in the Labor Bureau of the New York Office of the Attorney General in 2021 and for the Member Legal Services program at AFSCME District Council 37 in 2022. She performed labor and employment-focused clinical work in the Workers' Rights clinic at CUNY Law for two semesters. Courts award $75 per hour for preadmission attorneys. Dacas v. Duhaney, No. 17CV3568EKSMG, 2020 WL 4587343, at *4 (E.D.N.Y. June 18, 2020), report and recommendation adopted, No. 17-CV-3568(EK)(SMG), 2020 WL 4586371 (E.D.N.Y. Aug. 10, 2020)

The hours expended are appropriate as well. My firm spent the following hours litigating this case:

| Name | Regular Hours | Regular Hourly Rate | Total |
|---|---|---|---|
| Liane Fisher | 9.4 | $475 | $4,465 |
| Madeline Howard | 14 | $75.00 | $1,050.00 |
| Total | | | $5,515 |

The work performed in this case included drafting the complaint, beginning to prepare discovery documents, negotiating the settlement, revising the settlement agreement, and drafting the settlement approval documents. The fees are therefore appropriate.

*              *              *

Accordingly, the Court should approve the settlement as fair and reasonable.

Thank you for your attention to the above.

Respectfully Submitted,

--------------/s/--------------
Liane Fisher, Esq.