UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR MELO,<br><br>  Plaintiff,<br><br>v.<br><br>RUTHERFORD CAR WASH, INC.,<br>NEW RUTHERFORD CAR WASH<br>CORP.,<br><br>  Defendants. | Civil Action No. 22-5305 (KM)<br><br>**ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL** |

This matter comes before the Court on plaintiff's motion for final settlement approval. (ECF No. 23). The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings. (ECF No. 25).

**I.   Background and Procedural History**

1. The parties' proposed settlement resolves plaintiff's wage claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq*. An additional claim under the New Jersey Law Against Discrimination was resolved separately. (ECF No. 23 at 1 n.1).

2. Plaintiff Victor Melo commenced this action on August 30, 2022 against his former employers, defendant Rutherford Car Wash, Inc. and its alleged successor, New Rutherford Car Wash Corp. He alleges that defendants failed to pay him overtime wages for time worked as a car wash worker in excess of forty hours per week, in violation of the FLSA and the NJWHL. (Compl., ECF No. 1). Defendants answered the complaint on October 3, 2022, generally denying the allegations. (ECF No. 9).

3. The undersigned began supervising pretrial discovery and held an initial scheduling conference on November 8, 2022. (ECF No. 11). Thereafter, the parties engaged in discovery while simultaneously conducting settlement negotiations.

## II. Settlement

4. On March 27, 2023, the parties wrote jointly to advise the Court that, after continued negotiations, a settlement had been reached in principle. (ECF No. 16). Settlement was confirmed during a subsequent telephonic conference before the undersigned on March 28, 2023. (ECF No. 17-18).

5. The parties agreed to settle this case for a total amount of $15,000.00 (the "Settlement Amount") in full satisfaction of plaintiff's claims and his attorneys' fees and costs. (ECF No. 23 at 2).

6. The parties further agreed that the settlement sum is to be paid in a single installment by two checks sent to Fisher Taubenfeld LLP, counsel for plaintiff, and distributed as follows:

   a. A payment to plaintiff Victor Melo in the sum of $9,615.33. (ECF No. 23 at 3).

   b. A payment to Fisher Taubenfeld LLP of $5,384.67 for attorneys' fees and costs. (*Id*. at 3).

## III. Final Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

9. Here, plaintiff claimed that his total overtime pay owed, excluding liquidated damages, amounted to approximately $24,000. (ECF No. 23 at 3 ¶ 1). For several reasons, the Court determines that plaintiff's agreement to settle for the lesser amount of $15,000 constitutes a compromise of a bona fide dispute over whether plaintiff was entitled to overtime wages at all and, if so, in what amount. Defendants contended that plaintiff was a manager, exempt from the overtime wage requirements. (*Id.* at 2 ¶ 5). They further challenged whether, even if he was not exempt, plaintiff worked more than 40 hours per week. (*Id.*). By compromising his claims in order to reach a settlement, plaintiff explains that he sought to avoid the risk that defendant New Rutherford Car Wash Corp. would not be deemed the successor to the defunct Rutherford Car Wash Inc., which owed him the vast majority of his claimed overtime wages. (*Id.* at 3 ¶ 2). The settlement thus serves as a reasonable compromise of these disputed claims.

10. Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

11. After the parties advised the Court of reaching a settlement in principle, the Court held a telephone conference on March 28, 2023. During the conference, the Court advised the parties against including certain terms in the final settlement agreement, including a non-disparagement clause and a general release clause.

12. The parties adhered to the Court's direction and have submitted a final settlement agreement, which has been reviewed by the Court. (ECF No. 23). The Court finds the release provisions contained therein fully comply with applicable law. (*See* ECF No. 23-1 ¶ 2). Although the release clause could be interpreted to go beyond a release of the wage claims, the Court hereby directs for all future purposes that the release be construed as limited to wage-related claims asserted in this action.

13. Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement (ECF No. 23) and approves the payments to be made to the plaintiff in the amounts stated in the Settlement Agreement.

IV.  **Award of Attorneys' Fees and Costs**

14. Plaintiff's Counsel seeks $5,384.67 in fees and reimbursement for costs.

15. Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling plaintiff's claims.

16. The fees requested represent slightly more than one-third of the total settlement amount, which has been held to be fair and reasonable in this district. *See Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees of approximately 30 percent of settlement funds were found reasonable).

17. Additionally, if the Court were to assess the reasonableness of Plaintiff's Counsel's fee using the lodestar method, the $5,384.67 fee sought by Plaintiff's Counsel is less than Plaintiff's Counsel's approximate "lodestar" amount of $5,515.00. (ECF No. 23 at 4 (calculating the lodestar amount by multiplying the reasonable number of hours worked by counsel's standard hourly rate, which is within the range charged by other attorneys in this District)).

18.     The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorneys' fees and costs in the amount of $5,384.67.

## V.    Conclusion and Dismissal

19.     The Court approves the terms and conditions of the Settlement Agreement.

20.     The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

21.     The entire case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement.

**It is so ORDERED this 1st day of November 2023**.

*s/ Leda Dunn Wettre*
Leda Dunn Wettre
United States Magistrate Judge